UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLADIO ROMERO VELASQUEZ,<br><br>    Petitioner,<br><br>   v.<br><br>SCOTT FRAKES,<br><br>    Respondent. | Case No. C10-1601-TSZ-BAT<br><br>**REPORT AND RECOMMENDATION** |

Cladio Romero Velasquez is a Washington State prisoner. He was convicted and sentenced to a determinate term of 185 months in prison in 2002. In 2005, he was resentenced to a indeterminate term of 185 months to life in prison. Dkt. 4. Mr. Velasquez seeks relief from the 2005 amended judgment and sentence under 28 U.S.C. § 2254. His habeas petition presents 3 claims.

The Court finds Mr. Velasquez failed to exhaust claims 1 and 2— that the law of the case and collateral estoppel doctrines barred the 2005 amended sentence resentencing. The Court also finds Mr. Velasquez's lawyer provided dreadful representation at the 2005 resentencing hearing but that Mr. Velasquez was not prejudiced by counsel's poor performance; consequently no relief can be granted on Mr. Velasquez's ineffective assistance of counsel claim. The Court therefore

REPORT AND RECOMMENDATION - 1

recommends the habeas petition be **DENIED** and this action **DISMISSED** with prejudice.

**BACKGROUND**

In 2002, Mr. Velasquez was convicted of three counts of rape in the second degree–domestic violence and one count of felony harassment. *See State v. Velasquez*, 2004 WL 295227 (Wash. App. Div. I, Feb. 17, 2004). He was sentenced to a determinate sentence of 185 months in prison. He appealed and argued the trial court erred in giving a certain instruction, in imposing 36-48 months of community custody and that his trial lawyer was ineffective. *Id*. The Washington Court of Appeals rejected these arguments and affirmed his conviction and sentence.

In 2005, on the state prosecutor's motion, Mr. Velasquez was resentenced to an indeterminate term of 185 months to life in prison. It is this judgment and sentence that is the subject of the present habeas petition. The state appellate courts' review of Mr. Velasquez's 2005 sentence did not proceed smoothly. After many procedural twists and turns, not relevant to the resolution of the case,[1] the Washington Court of Appeals considered the 2005 sentence, on direct review, and affirmed the sentence. The Washington Court of Appeals summarized the facts regarding Mr. Velasquez's convictions as follows:

> Cladio Velasquez was found guilty by jury verdict of three counts of rape in the second degree-domestic violence and one count of felony harassment-domestic violence. On July 19, 2002, he was sentenced to 185 months' incarceration and 36 to 48 months' community custody. He appealed that conviction alleging, inter alia, that the community custody portion of his judgment and sentence was fatally imprecise. Velasquez had been sentenced to community custody for the period of 36 to 48 months or for the entire period of earned early release, whichever is longer. This court affirmed the judgment and sentence of the trial court on February 17, 2004. [n.1 omitted] The Supreme Court denied review on November 3, 2004, and this court issued a mandate terminating review on November 19, 2004.

---

[1] *See Dkt*. 12 at 3-4.

REPORT AND RECOMMENDATION - 2

> At the time of the original sentencing, Velasquez was sentenced to a determinate sentence pursuant to former RCW 9.94A.120 and WAC 437-20-010. [n. 2 omitted] Apparently neither counsel nor the court was aware of the then recent amendments to the Sentencing Reform Act of 1981(SRA). [n. 3 omitted] RCW 9.94A.712, enacted in 2001, required the court to impose an indeterminate sentence for the crime for which Velasquez was convicted. Thus, Velasquez's first judgment and sentence was unlawful. On March 29, 2005, the prosecutor brought a motion to correct the erroneous sentence. The superior court entered an amended judgment and sentence, imposing a determinate sentence of 16 months for felony harassment and an indeterminate sentence of 185 months to life for rape pursuant to RCW 9.94A.712, to be served concurrently. Additionally, Velasquez was sentenced to a term of community custody for the statutory maximum.

*State v. Velasquez*, 2009 WL 430239 (Wash. App. Div. I, Feb. 23, 2009) at *1. *See also* Dkt. 14, ex. 2. In his appeal to the Washington Court of Appeals, Mr. Velasquez argued that under the law of the case and collateral estoppel doctrines, the State was barred from modifying the 185 month sentence imposed in 2002. Mr. Velasquez also argued he was denied effective assistance of counsel at the 2005 resentencing. *Id.* The Washington Court of Appeals rejected these arguments and affirmed. Mr. Velasquez subsequently sought discretionary review in the Washington Supreme Court raising the following issues: (1) The law of the case or collateral estoppel doctrines bar imposition of the amended sentence, and (2) Mr. Velasquez was denied effective assistance of counsel at his resentencing hearing. Dkt. 14, ex. 33. The Washington Supreme Court denied review on July 8, 2009. *Id.* ex 34. On October 5, 2010, Mr. Velasquez submitted for filing the present habeas petition.

**GROUNDS FOR REVIEW**

Mr. Velasquez raises three grounds for relief in his federal habeas petition:

> (1) My V Amendment rights to Due Process and, as well as my XIV Amendment rights to Due Process and Equal Protection under the law, were violated when the State amended my Sentence in violation of the Law of the Case doctrine.

REPORT AND RECOMMENDATION - 3

(2)  My V Amendment rights to Due Process, as well as my XIV Amendment rights to Due Process and Equal Protection under the law, were violated when the State amended my Sentence in violation of the principles of Collateral Estoppel and estoppel by judgment.

(3)  My VI Amendment right to effective assistance of counsel was violated.

Dkt. 4 at 6-10.

**DISCUSSION**

**I.   Exhaustion**

Respondent contends, and the Court agrees, that grounds for relief 1 and 2 are unexhausted and should be dismissed.  Dkt. 12 at 6.  The Court may not consider the merits of a state prisoner's § 2254 habeas petition unless the prisoner has first exhausted his available state court remedies.  28 U.S.C. § 2254(b); *see also Rose v. Lundy*, 455 U.S. 509, 515 (1982).  To exhaust state remedies, a petitioner must (1) "fairly" present the claim to the state's highest court[2] and (2) present the claim as a federal claim, not merely as a state law equivalent of the claim.[3]

Mr. Velasquez presented grounds for relief 1 and 2 in a petition for discretionary review to the Washington Supreme Court as state claims only.  Dkt. 14, ex. 33.  As to claim 1—the law of the case doctrine—Mr. Velasquez relied on *Roberson v. Perez*, 156 Wash.2d 33, 41 (2005) and *State v. Harrison*, 148 Wash.2d 550, 562 (2003).  *Id.,* ex. 33 at 6-7.  Both cases discuss the doctrine as a matter of state law.  *Roberson*, 156 Wash.2d at 41 ("Law of the case is a doctrine that derives from both RAP 2.5(c)(2) and common law review."); *Harrison*, 148 Wash. 2d at 562

---

[2] *Picard v. Connor*, 404 U.S. 270, 276-78 (1971).
[3] *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (A petitioner does not exhaust a federal claim by raising a state claim that is similar to the federal claim: "mere similarity of claims is insufficient to exhaust.").

REPORT AND RECOMMENDATION - 4

(doctrine generally refers to binding determinations made by appellate court on further proceedings in the trial court on remand).

Similarly, Mr. Velasquez relied solely on state law in presenting claim 2—collateral estoppel—to the Washington Supreme Court. Dkt. 14, ex. 33 at 8-9. He relied on *Clark v. Barnes*, 150 Wash.2d 905, 913 (2004) which sets forth the four part Washington State law test to determine whether previous litigation should be given collateral estoppel effect in subsequent litigation, and also relied on *State v. Harrison*, the case discussed above. To dispel any notion that the claim was presented on federal grounds, Mr. Velasquez stated in his petition to the Washington Supreme Court that "the application of collateral estoppel in this situation is an important issue of state law." Dkt. 14, ex. 33 at. 9.

In sum, as Mr. Velasquez presented claims 1 and 2 to the state court solely as state law claims, he has failed to exhaust both claims. In some cases, a petitioner who has failed to exhaust a federal claim can return to state court to exhaust the claim. However, if a state rule bars the petitioner from presenting those claims in state court, the petitioner's claims are considered procedurally defaulted for purposes of federal habeas review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).

In this case, Mr. Velasquez is barred by Washington's rule on the time limit for filing petitions for post-conviction relief in state court. Washington law bars a prisoner from filing a petition for post-conviction relief more than one year after the prisoner's judgment becomes final. *See* Wash. Rev. Code § 10.73.090. Mr. Velasquez's amended judgment and sentence became final on August 21, 2009 when the Washington Supreme Court denied his petition for review and the Washington Court of Appeals issued a mandate. Dkt. 14, ex. 35. Because more than one year has passed since finality of the amended judgment, Mr. Velasquez is now barred

REPORT AND RECOMMENDATION - 5

from presenting his unexhausted claims to the state courts.  *See* Wash. Rev. Code § 10.73.140.  Accordingly, claims 1 and 2 are unexhausted and procedurally defaulted and should be dismissed.[4]

## II. Standard of Review

A federal court may grant a habeas corpus petition regarding claims that were adjudicated on the merits in state court only if the state court's decision was (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d).

A state court ruling is contrary to clearly established federal law if the state court either arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court "on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  A state court decision is an unreasonable application of Supreme Court precedent "if the state court identifies the correct governing principle from [the Supreme Court's] decisions but unreasonably applies that principle to the

---

[4] Parenthetically, it also appears claims 1 and 2 are not grounds for habeas relief because the law of the case and collateral estoppel doctrines, even in federal actions, are based on common law principles, not the federal constitution.  *See e.g. Arizona v. California*, 460 U.S. 605 619 (1983) ("As most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."); *Montana v. U.S.*, 440 U.S. 147, 153 (1979) ("A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies.").  Mr. Velasquez argues that "due process" and "equal protection" rights are contained in the law of the case and collateral estoppels doctrines but cites no authority to support this contention.  *See* Dkt. 4, Memoranda Brief at 3-6.  That the doctrines are not constitutional in nature is reaffirmed by Mr. Velasquez's memorandum which cites a case which states "this judicially created doctrine is a rule of practice."  *Id.* at 4.

REPORT AND RECOMMENDATION - 6

facts of the prisoner's case." *Id*. at 413.  To be an unreasonable application of Supreme Court precedent, the state court's decision must be "more than incorrect or erroneous." *Cooks v. Newland*, 395 F.3d 1077, 1080 (9th Cir. 2005).  Rather, it must be objectively unreasonable. *Lockyear v. Andrade*, 538 U.S. 63, 69 (2003).

In determining whether a state court decision was based on an unreasonable determination of the facts in light of the evidence, a federal habeas court must presume that state court factual findings are correct.  28 U.S.C. § 2254(e)(1).  A federal court may not overturn state court findings of fact "absent clear and convincing evidence" that they are "objectively unreasonable." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  When applying these standards, a federal habeas court reviews the "last reasoned decision by a state court." *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004).

**III.    Effective Assistance of Counsel**

Mr. Velasquez, argues he was denied effective assistance of counsel at his 2005 resentencing hearing.  Dkt. 4, Memoranda at 6.  Specifically, he contends effective counsel would have challenged the hearing as not "allowed on a foreclosed issue by the higher court." Dkt. 4, Petition at 10.

A petitioner alleging ineffective assistance of counsel has the burden to show his lawyer's performance fell below an objective standard of reasonableness, and that any deficiencies in counsel's performance were prejudicial.  *Strickland v. Washington*, 466 U.S. 668, 687-68 (1984). To establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.  To prevail on an ineffective assistance claim, a petitioner must prove both deficient performance and prejudice.  *Id*. at 687.

REPORT AND RECOMMENDATION - 7

In this case, the Washington State Court of Appeals rejected Mr. Velasquez's claim on the grounds that counsel's performance was not deficient, the first prong of the *Strickland* test. The Court stated:

> No such deficiency existed here. Defense counsel made known her concern regarding the retroactive application of the SRA. However, when informed that the issue was not retroactive application of the SRA, but rather one of mistake at the time of sentencing, counsel raised no further objection. The State produced the adult sentencing guideline for 2002. Since the change in law had already come into effect when Velasquez was sentenced, defense counsel's failure to object to the resentencing was not deficient.

*State v. Velasquez*, 2009 WL 430239 at *3. The transcript of Mr. Velasquez's sentencing hearing shows counsel's performance was dreadful. *See* Dkt. 4, Appendix "A." However, the Court need not decide whether counsel's performance was deficient under the first prong of the *Strickland* test because Mr. Velasquez has failed to show there is any likelihood that he was prejudiced by his attorney's performance. *See Rodriguez v. Ricketts*, 798 F.2d 1250, 1253 (9th Cir. 1986).

Mr. Velasquez contends effective counsel would have challenged the hearing as not "allowed on a foreclosed issue by the higher court." Dkt. 4, Petition at 10. This contention has no merit. It is undisputed Mr. Velasquez's 2002 determinate sentence of 185 months was erroneously imposed. When the sentencing court imposed the determinate sentence in 2002, it was unaware that an amendment to the Washington Sentencing Reform Act, RCW 9.94A.712, required the court to impose an indeterminate sentence. Thus, Mr. Velasquez's 2002 judgment and sentence was unlawful. *See State v. Velasquez*, 2009 WL 430239 at *1.

Mr. Velasquez does not dispute this or that a sentencing judge has the duty and authority to correct an erroneous sentence. There is also no dispute that when Mr. Velasquez appeared for

REPORT AND RECOMMENDATION - 8

resentencing in 2005, he had not previously litigated the issue of whether of the original 185 month determinate sentence was erroneous or correct as a matter of law. *Id.* *2. Rather, the only sentencing issue Mr. Velasquez challenged prior to his 2005 resentencing was whether the 36 to 48 month community custody range imposed in 2002 was ambiguous. *See State v. Velasquez*, 2004 WL 295227.

These facts establish he was not prejudiced by counsel's failure to argue the law of the case and collateral estoppel doctrines barred his 2005 resentencing. The facts plainly show the Washington State Court of Appeals correctly found these doctrines inapplicable. Both collateral estoppel and the law of the case doctrine bar relitigating issues of law and fact when such issues were conclusively determined in a prior action. *Id.* The 2002 determinate sentence of 185 months had not been litigated prior to the 2005 resentencing and found to be correct. As such, the sentencing judge in 2005 was not "relitigating" a sentence found to be correct through earlier binding litigation.

In short, even if Mr. Velasquez's lawyer had argued the 2005 resentencing was barred by the collateral estoppel and the law of the case doctrine, the result would have been the same: the argument would have failed and the sentencing judge would have imposed the same sentence 185 months to life, which was the low end of the sentencing range.[5]

**IV.     An Evidentiary Hearing is not Required**

The Court retains the discretion to determine whether an evidentiary hearing is appropriate. *Downs v. Hoyt*, 232 F.3d 1031, 1041 (9th Cir. 2000). An evidentiary hearing is not required when a petitioner's allegations do not state a claim for relief. *U.S. v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (internal citations and quotations omitted). As Mr. Velasquez's

---

[5] *See* Dkt. 4, Appendix C at 2. (Mr. Velasquez faced an indeterminate range of 185-245 months to life in prison under the Washington Sentencing Guidelines).

REPORT AND RECOMMENDATION - 9

allegations fail to state a claim of ineffective assistance of counsel, an evidentiary hearing is not required.

## V.      Certificate of Appealability

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability (COA) from a district or circuit judge.  A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(3).  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds that no reasonable jurist would conclude that Mr. Velasquez's claims merit further review.  Accordingly, the Court recommends a COA not be issued, and that pursuant to Rule 11 of the Rules Governing § 2254 cases, the district court deny issuance of a COA if it dismisses this matter as recommended.  Mr. Velasquez should address whether a COA should be issued in his written objections, if any, to this Report and Recommendation.

## CONCLUSION

The Court recommends: (1) Mr. Velasquez's habeas petition be **DISMISSED** with prejudice and (2) a COA not be issued.  A proposed order accompanies this Report and

///

///

///

REPORT AND RECOMMENDATION - 10

1 | Recommendation.  The Clerk is directed to provide a copy of this Report to Mr. Velasquez.

2 | DATED this 4th day of March, 2011.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11